IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LASHAWN WELLS | ) | CASE NO. 1:10CV2051 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| BOB REID | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

Plaintiff *pro se* LaShawn Wells incarcerated at the Cuyahoga County, Ohio Jail, filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983,against Sheriff Bob Reid. He alleges that while taking a shower at the jail he was bitten by some type of bug. That night, he woke up three different times with infectious lumps. The doctor gave him an antibiotic which caused an allergic reaction. The doctor examined him and told him to keep on taking the anti-biotic, but he still has the infection. Exhibit A is an envelope containing some of the bugs. Plaintiff requests damages in the amount of $1,700,000.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

The bug bites must have occurred when Plaintiff was awaiting trial in his criminal case as the Cuyahoga County Common Pleas Court Docket shows that he was sentenced to one year of community control on July 19, 2010 for unauthorized use of a vehicle in violation of R.C. 2913.03(B). *State of Ohio v. Wells*, Case No. CR-10-537273. The Eighth Amendment's prohibition on cruel and unusual punishment generally provides a remedy to bring a § 1983 claim of deliberate indifference to serious medical needs. However, where that claim is asserted on behalf of a pre-trial detainee, the Due Process Clause of the Fourteenth Amendment is the manner in which to proceed. *Phillips v. Roane County, Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008) (citing *City of Revere v. Mass. Gen. Hosp.,* 463 U.S. 239, 244 (1983). The due process right is analogous to the rights of prisoners under the Eighth Amendment. *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005).

A due process violation occurs when prison officials are deliberately indifferent to the serious medical needs of prisoners. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976); *Spears v. Ruth,* 589 F.3d 249, 254 (6th Cir. 2009). Mere negligence or malpractice is insufficient to establish deliberate indifference. *Bowman, v. Corrections Corp. of America*, 350 F.3d 537, 544 (6th Cir. 2003) (citing *Estelle,* 429 U.S. at 106 n. 14). In order to be found liable, an official must know of and disregard an excessive risk to inmate health or safety. "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Ford v. County of Grand Traverse,* 535 F.3d 483, 495 (6th Cir. 2008)(quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Further, the inmate must have a sufficiently serious medical need such that he is "incarcerated under conditions posing a substantial risk of serious harm." *Spears,* 589 F.3d at 254*; Blackmore v. Kalamazoo County,* 390 F.3d 890, 895 (6th Cir. 2004). He must also must show that the official possessed a sufficiently culpable state of mind.

"Deliberate indifference requires a degree of culpability greater than mere negligence, but less than 'acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005) (quoting *Farmer,* 511 U.S. at 834-35). Plaintiff's complaint of bug bites and an infection do not amount to a sufficiently serious medical need. *Phillips*, 534 F.3d at 539.  Further, the facts show that he was treated. At most, malpractice may exist, but that is not a matter for this Court.

There are no allegations against this Defendant.  The Sixth Circuit held in *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982), that a supervisor must have at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. Also, a failure to supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999). A defendant cannot be held liable under § 1983 based on the theory of *respondeat superior*. *Browning v. Pennerton*, 633 F. Supp.2nd 415, 431 (E.D. Ky., Jun. 22, 2009).  The illegal conduct alleged by Plaintiff was performed by a doctor. There is no indication of participation by  Sheriff Bob Reid.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date:   October 29, 2010           /s/Donald C. Nugent
                                   JUDGE DONALD C. NUGENT
                                   UNITED STATES DISTRICT JUDGE

3